F I L E D
CLERK OF COURT
2025 AUG 15 PM 3: 46
SUPERIOR COURT
OF GUAM

## IN THE SUPERIOR COURT OF GUAM

PEOPLE OF GUAM,

vs.

KEITH JOHN CRUZ,
DOB: 06/22/1970

Defendant.

) CRIMINAL CASE NO. **CF0528-16**
) GPD Report Nos. 16-22950/16-22951
)
)
)
)
)
) **DECISION & ORDER**
) **RE. PEOPLE'S MOTION TO REVOKE**
) **DEFENDANT'S PROBATION AND**
) **IMPOSE JAIL SENTENCE**
)
)
)

This matter came before the Honorable Alberto E. Tolentino on May 29, 2025, for a Revocation Hearing. Defendant Keith John Cruz ("Defendant") was present with counsel Attorney Samuel Teker. Assistant Attorney General Kathleen O'Neil was present for the People of Guam ("People"). During the hearing, the court heard the parties' arguments on the People's Motion to Revoke the Defendant's Probation and Impose Jail Sentence. Following the hearing, the court took the matter under advisement pursuant to Supreme Court of Guam Administrative Rule 06-001, CVR 7.l(e)(6)(A) and CR 1.1 of the Local Rules of the Superior Court of Guam. Having duly considered the parties' briefings, oral arguments, and the applicable law, the court now issues this Decision and Order **GRANTING** the People's Motion to Revoke the Defendant's Probation and Impose Jail Sentence.

\\

\\

\\

## BACKGROUND

On September 2, 2016, the Defendant was charged with POSSESSION OF A SCHEDULE II CONTROLLED SUBSTANCE (As a 3rd Degree Felony) and RETAIL THEFT (As a Misdemeanor) based on events that occurred on or about August 24, 2016. *See* Indictment (Sept. 2, 2016). For his failure to appear at arraignment, the court issued a bench warrant for the Defendant's arrest; which was returned shortly after. *See* Bench Warrant (Sept. 28, 2016); *see also* Return of Warrant (Oct. 3, 2016). On October 4, 2016, the Defendant was arraigned and released on conditions. *See* Return of Warrant Hr'g Mins. at 9:53:17AM (Oct. 4, 2019). Since his arraignment, the Probation Services Division ("Probation") filed a total of sixteen (16) violations against the Defendant in this case.

### A. Defendant Cruz's Violations on Pre-Trial Status

While on pre-trial release, Probation filed nine (9) violations against the Defendant. For the first violation, the report indicated that the Defendant:

1. Failed to refrain from consuming illegal controlled substances. On October 3, 2016, the defendant was at the Probation Office for drug testing. The defendant failed to provide a sufficient urine sample for testing within the two (2) hour allotted time. A saliva test was conducted which yielded a presumptive positive for methamphetamines. The defendant continued to deny any drug use.
2. Defendant failed to report to the probation office for three times weekly drug testing. The defendant is ordered to report to Probation every Monday, Wednesday, and Friday. He last reported on October 5, 2016. Attempts were made to contact the defendant but unsuccessful.

1st Violation Report (Oct. 19, 2016). On November 8, 2016, the court issued another bench warrant for the Defendant's arrest, which was returned the following day. *See* Bench Warrant (Nov. 9, 2016); *see also* Return of Warrant (Nov. 9, 2016). However, the court subsequently released the Defendant on November 21, 2016. *See* Violation Hr'g Mins. at 10:58:40AM (Nov. 21, 2016). For the second violation, the report indicated that the Defendant "tested presumptive

positive for methamphetamines," which he admitted to consuming on November 23, 2016. 2nd Violation Report (Nov. 28, 2016). In response to this violation, the court issued a sanction for and remanded him to the custody of the Department of Corrections ("DOC"). *See* Further Proceedings Mins. at 9:23:00AM (Nov. 28, 2016). After serving his sanction, the Defendant received a third violation a few months upon his release, stating that the Defendant failed to report as ordered after Probation made numerous yet unsuccessful attempts to contact him. *See* 3rd Violation Report (Jan. 6, 2017).

During a Progress Hearing on February 6, 2017, the Defendant was remanded to DOC's custody. *See* Progress Hr'g Mins. at 11:29:58AM (Feb. 6, 2017). A few weeks later, Probation filed a fourth violation against the Defendant for his failure to report as ordered since his release on February 27, 2017. *See* 4th Violation Report (Mar. 27, 2017). The court subsequently issued a bench warrant for the Defendant's arrest after he failed to appear at a Further Proceedings before this court. *See* Further Proceedings Mins. at 9:16:29AM (Mar. 28, 2017). Upon the warrant's return on August 22, 2017, Probation filed a fifth violation against the Defendant. For the fifth violation, the report indicated that:

> Defendant failed to refrain from possessing and consuming any illegal controlled substances. On August 22, 2017, the defendant was apprehended on an outstanding Bench warrant. He was informed that he was to be drug tested at which time he declined to be tested and decided to admit in writing via Declaration to smoking "Meth" on August 21, 2017.

> It is worth noting that this is the defendant's 3rd positive drug test while on Pretrial Release.

2nd Violation Report (Aug. 25, 2017).[1] Despite the court granting his release from DOC on October 31, 2017, the Defendant received a sixth violation for his failure "to refrain from possessing and consuming any illegal controlled substances;" which he admitted via

---

[1] The Defendant's fifth pre-trial violation report was erroneously filed as his "Second Violation Report."

declaration. *See* Further Proceedings Mins. at 9:25:43AM (Oct. 31, 2017); *see also* 6th Violation Report (Nov. 7, 2017). On November 16, 2017, the Defendant was released from DOC and also declared clinically eligible to participate in the Adult Drug Court I Program. *See* Release (Nov. 16, 2017); *see also* ADC I Decl. (Nov. 16, 2017). After his release from DOC, Probation filed the Defendant's seventh violation. For this violation, the report indicated that:

> Defendant failed to refrain from possessing and consuming any illegal controlled substances. On November 13, 2017, the defendant was ordered to submit a drug test at which time the test yielded presumptive positive results for Methamphetamine. The defendant denied any usage and chose to have his sample secured for off-island confirmatory testing. On November 20, 2017, the Probation Office received the results which returned back positive for Methamphetamine.

> It is worth noting that this is the defendant's 5th positive drug test and 1st challenged drug test while on Pretrial Release.

7th Violation Report (Nov. 20, 2017). Less than a month from filing the Defendant's seventh violation, Probation filed his eighth pre-trial violation after he "admitted in writing via Declaration to consuming 'Ice' on December 9, 2017." 8th Violation Report (Dec. 11, 2017). After addressing the Defendant's violations at a Further Proceedings, the court ordered the Defendant to surrender to DOC that same day with an auto-release date of December 24, 2017. *See* Further Proceedings Mins. at 9:30:33 – 40:32AM (Dec. 20, 2017).

After several continuances for a Change of Plea hearing, the Defendant was not present at his Change of Plea hearing on March 12, 2018. Despite this, the court issued a summons rather than a warrant, ordering the Defendant to appear for his next court hearing scheduled for April 16, 2018. *See* Summons (Mar. 19, 2018). Unfortunately, Probation filed a ninth violation report against the Defendant on June 19, 2018. For the ninth violation, the report indicated that:

> Defendant failed to refrain from possessing and consuming any illegal controlled substances. On June 4, 2018, the defendant was ordered to submit a drug test at which time the test yielded presumptive positive results for Methamphetamine.

The defendant denied any usage and chose to have his sample secured for confirmatory testing. On June 15, 2018, the Probation Office received the results which returned back positive for Methamphetamine.

It is worth noting that this is the defendant's 7th positive drug test and 2nd challenged drug test while on Pretrial Release.

9th Violation Report (June 19, 2018). On June 29, 2018, the Defendant pled guilty to the charge of POSSESSION OF A SCHEDULE II CONTROLLED SUBSTANCE (As a 3rd Degree Felony). *See* Amended Order After Hr'g (Feb. 15, 2023). Pursuant to his Deferred Plea Agreement, the court deferred its acceptance of the Defendant's guilty plea for two (2) years so long as the Defendant complied with the conditions of his probation. *Id.*

**B. Defendant Cruz's Violations During the Deferred Probationary Period**

During the Defendant's deferred probationary period, Probation filed seven (7) violations against him. For the first violation, the report indicated that the Defendant:

1. Failed to report three times weekly for drug testing. The probationer is required to report for drug testing every Monday, Wednesday, and Friday, and as instructed and failed report [to] on the following dates: September, 10, 12, 14, 17, 19, 21, 24, 26; October 3, 2018.
2. Failed to attend and submit attendance for sober support meetings. The probationer is ordered to attend twenty-four (24) sober support meetings and has failed to do so.
3. Failed to perform Court-ordered community service hours. The probationer is ordered to arrange a schedule to complete one hundred-fifty hours of community service and has failed to do so.
4. Failed to make payments to the Court-ordered fine amount of $5,000.00. The probationer is ordered to make court payments toward his fine and has failed to do so.

1st Violation Report (Oct. 9, 2018). On November 6, 2018, the court held the Defendant's first violation in abeyance, acknowledging that he was working on his conditions. *See* Progress Hr'g Mins. at 09:35:43AM (Oct. 17, 2018). Additionally, the court held the Defendant's second violation in abeyance after Probation's violation report indicated that he:

1. Failed to report three times weekly for drug testing. The probationer is required to report for drug testing every Monday, Wednesday, and Friday, and as instructed to accommodate his treatment schedule. However, he failed to report on October 15, 17, 22, 24, 29, and 31, 2018.
2. Failed to attend recommended treatment at New Beginnings. The probationer was assessed and recommended to attend Level 0.5 Outpatient treatment, on Friday Mornings. According to the Group Counselor, the probationer last attended on October 12, 2018 and prior to that, was not consistently attending the Friday sessions.

2nd Violation Report (Nov. 6, 2018); *see also* Progress Hr'g Mins. at 10:19:16 – 21:41AM (Nov. 6, 2018). For the Defendant's third violation, Probation indicated in its report that he:

1. Failed to obey all laws of Guam. On December 20, 2018, the probationer appeared before the Magistrate Judge and was charged with 1) Manufacturing of a Schedule I Controlled Substance (As a First Degree Felony) and 2) Family Violence (As a Misdemeanor) in CF0755-18. He was remanded on $5,000 cash bail. A criminal trial setting is scheduled for January 28, 2019 before Judge Vernon P. Perez.
2. Failed to report twice weekly for drug testing. The probationer is required to report for drug testing every Monday and Wednesday, and as instructed and failed report [to] on the following dates: of December 3, 5, 10, and 12, 2018.

3rd Violation Report (Jan. 14, 2019). Because the Defendant was detained in this 2018 case, the court held this third violation in abeyance. *See* Progress Hr'g Mins. at 9:29:40 – 31:35AM (Jan. 14, 2019). On October 30, 2019, Probation filed a fourth violation against the Defendant after he:

1. Failed to report to Probation Office once a week in person. The probationer is required to report in person twice weekly and has failed to do so. He has failed to report twice weekly since August 30, 2019.
2. Failed to complete treatment as ordered by the Court. The probationer was recommended to engage in Level 0.5 at New Beginnings but his case was closed due to non-attendance. A new assessment will be necessary.
3. Failed to attend and submit attendance for sober support meetings. The probationer is ordered to attend twenty-four (24) sober support meetings and has failed to do so.
4. Failed to make fine payments. The probationer is ordered to pay a fine of $5,000.00 plus court costs and fees and has failed to make payments. The balance remains at $5,240.00.

5. Failed to perform Court-ordered community service hours. The probationer is ordered to arrange a schedule to complete one hundred fifty (150) hours of community service and has failed to do so.

4th Violation Report (Sept. 11, 2019). In regards to this violation, the court suspended a five-day sanction and held the violation in abeyance. *See* Progress Hr'g Mins. at 1:20:35 – 24:35PM (Sept. 11, 2019). At a Progress Hearing on October 30, 2019, the court addressed the Defendant's fifth violation, filed that same day, for his failure to report as ordered on days throughout the month of October. *See* 5th Violation Report (Oct. 30, 2019).[2] Ultimately, the court issued a ten-day sanction on the Defendant due to his fourth and fifth violations of probation. *See* Progress Hr'g Mins. at 9:17:52 – 18:11AM (Nov. 4, 2019).

At the Defendant's next hearing on November 4, 2019, the court released the Defendant and held in abeyance the remaining five (5) days of his ten-day sanction. *See* Progress Hr'g Mins. at 9:18:26 – 19:29AM (Nov. 4, 2019). The court held another Progress Hearing on December 3, 2019, addressing the Defendant's sixth violation, which was filed that same day. For the sixth violation, Probation informed the court to the Defendant's failure to report to the Probation Office following his release. *See* 6th Violation Report (Dec. 3, 2019). Although the court addressed the Defendant's sixth violation, the court issued a bench warrant for his arrest due to his absence at this Progress Hearing. *See* Bench Warrant (Dec. 3, 2019). Upon the warrant's return on July 14, 2020, the court imposed a sixty-day sanction with forty-six (46) days suspended. *See* Violation Hr'g Mins. at 9:46:46AM (Jul. 22, 2020).

Following his release, Probation filed the Defendant's seventh violation, reporting that he:

1. Failed to attend and complete treatment with Guam Behavioral Wellness Center.

---

[2] At the time this violation report was filed, the court notes that the Defendant was not released from confinement at DOC until November 4, 2019. *See* Release (Nov. 4, 2019).

2. Failure to pay in full fine and court cost totaling $5,080.00.
3. Failure to pay in full Urinalysis Confirmations fees totaling $160.00.
4. Failed to attend and complete 24 sober support group meetings.
5. Failure to perform and complete 150 hours of community service.

7th Violation Report (May 7, 2021). The court issued another bench warrant for the Defendant on November 30, 2022, which was returned on February 27, 2025. *See* Bench Warrant (Nov. 30, 2022).

On March 19, 2025, the People filed a Motion to Revoke Defendant's Probation and Impose Jail Sentence ("Motion to Revoke"). Although the Defendant's Revocation Hearing was continued a few times, the court allowed defense counsel more time to file an Opposition to the Motion to Revoke; extending the Opposition's filing deadline to May 20, 2025, and May 27 to file a Reply. *See* Rev. Hr'g Mins. at 2:28:50PM (May 6, 2025). However, the Defendant untimely submitted his Opposition to the Motion to Revoke on May 23, 2025. *See* Opp'n (May 27, 2025).[3]

At the Defendant's Revocation Hearing on May 29, 2025, Probation informed the court that all his conditions were pending completion even after a one-year extension of his deferral period. *See* Revocation Hr'g Mins. at 2:07:03 – 07:34PM (May 29, 2025). Specifically, the Defendant still must complete: assessment with Guam Behavioral Health and Wellness Center; five-thousand-dollar ($5,000.00) fine and eighty-dollar ($80.00) court costs; one hundred and fifty (150) hours of community service; and twenty-four (24) self-help meetings. *Id.* After hearing the parties' arguments, the court took the matter under advisement.

\\

---

[3] If a motion is untimely filed, the court may allow the filing of motions beyond the time limit previously set by the court. *See* 8 GCA § 65.45 ("Failure by a party to raise defenses or objections or to make requests which must be made prior to trial, at the time set by the court pursuant to § 65.15, or prior to any extension thereof made by the court, shall constitute a waiver thereof, but the court for cause shown may grant relief from the waiver.")The court will not consider the arguments in the Defendant's Opposition after the court extended the deadline for briefs on May 6, 2025.

## DISCUSSION

If the court finds that the Defendant has "inexcusably failed to comply with a substantial requirement imposed as a condition of the order," it may revoke probation and sentence or resentence the offender. 9 GCA § 80.66(a)(2). If a court chooses to revoke probation, the court may sentence the defendant to any sentence that it may have originally imposed. 9 GCA § 80.66(b). However, it shall not revoke probation for a defendant's violation of a condition unless the court determines that revocation "will best satisfy the ends of justice and the best interests of the public" under all circumstances. 9 GCA § 80.66(a)(2).

The Supreme Court of Guam held that "probation is a favor granted by the state, not a right to which a criminal defendant is entitled." *People v. Camacho*, 2009 Guam 6 ¶ 26 (quoting *Parker v. State*, 676 N.E.2d 1083, 1085 (Ind. Ct. App. 1997)). To revoke a defendant's probation, the court must make two determinations. First, the court must "make a factual determination that a violation of a condition of probation has actually occurred." *Camacho*, 2009 Guam 6 ¶ 27 (quoting *Parker*, 676 N.E.2d 1083 at 1085). If the violation is proven, then the court must "determine if the violation warrants revocation of probation." *Id.*

Despite the Defendant's failure to timely file his Opposition in this case, the court still has an obligation to analyze the merits of the issue before it. In *Petition of Quitugua v. Flores*, the Supreme Court of Guam held that "the failure to file a written opposition, the filing of a notice non-opposition, or the disregard of untimely filed papers" does not relieve the lower court of its obligation to consider the merits of a motion before rendering its decision. *Petition of Quitugua v. Flores*, 2004 Guam 19 ¶¶ 27–28.

\\

\\

## A. Defendant Cruz violated the conditions of his probation.

The standard for determining whether a probationer violated a condition of probation is that "the evidence and the facts be such as reasonably necessary to satisfy the judge that the probationer's conduct has not been as required by the conditions of probation." *Camacho*, 2009 Guam 6 ¶ 30 (quoting *People v. Angoco*, 1998 Guam 10 ¶ 7). When facing revocation, "the defendant bears the burden of showing an excuse for failure to comply with the condition." *Id.* (quoting *State v. Peters*, 609 A.2d 40, 43 (N.J. 1992)).

In this case, the Defendant accumulated nine (9) pretrial violations and seven (7) violations while the court deferred acceptance of his guilty plea. The court can factually determine that all these violations actually occurred after reviewing the court's record of events. Based on laboratory reports, the Defendant's signed declarations, and his admission in open court, the court can factually determine that the Defendant tested positive for methamphetamines. The court also points to the five (5) bench warrants it had to issue as evidence of the Defendant's failure to report to probation over the years. The Defendant also absconded from the court for a total period of three (3) years and six (6) months. *See* Revocation Hr'g Mins. at 2:27:07 – 07:32PM (May 29, 2025). Based on the violation reports, Probation's testimony at the Revocation Hearing, and the parties' arguments, the court finds that the Defendant has violated multiple conditions of his probation on several occasions.

## B. Defendant Cruz's violations warrant revocation of probation.

With regard to probation revocation, the Supreme Court of the United States has noted that "the State clearly has an interest in punishment and deterrence, but this interest can often be served fully by alternative means . . . [T]he state is not powerless to enforce judgments against those financially unable to pay a fine. For example, the sentencing court could extend the time

for making payments, or reduce the fine, or direct that the probationer perform some form of labor or public service in lieu of the fine." *Bearden v. Georgia*, 461 U.S. 660, 671–72 (internal citations and quotations omitted).

As mentioned earlier, the court may revoke probation if it finds that the probationer has "inexcusably failed to comply with a substantial requirement imposed as a condition of the order." 9 GCA § 80.66(a)(2). In other words, a probationer's violation of probation warrants revocation when it upsets the intent of the probationary conditions. In *Camacho*, the Supreme Court of Guam held that the probationer's failure to report for drug testing was serious enough to warrant revocation when considering the condition being violated was treatment. *See Camacho*, 2009 Guam 6 ¶ 32. Despite not paying the fine as required under probation, the Supreme Court of Guam reasoned that failure to pay a fine alone was not as serious as not reporting for drug tests, because the defendant was convicted of drug-related offenses and had drug testing listed as a condition of probation to ensure the defendant remained sober. *Id.*

Unlike the probationer in *Camacho*, all conditions are pending the Defendant's completion. *See* Revocation Hr'g Mins. at 2:07:03 – 07:34PM (May 29, 2025). The Defendant asks the court for one last chance stating that he is not violent, will abide by the conditions imposed, and understands the gravity of the situation. *Id.* at 2:09:07 – 10:40PM. Although the Defendant acknowledge that he failed complete the conditions of his probation, he also asks the court for an opportunity to complete the conditions of his probation; something he claims this court has not given him. *Id.*

While the Defendant claims that he was not given a chance, the Defendant was released from confinement by every judge assigned to this 2016 case. Every time the court released the Defendant, he had every opportunity to perform some hours of community service or treatment;

or make a small payment towards his fines and court costs. Since the court deferred its acceptance of the Defendant's guilty plea in 2018 – in light of his agreement to comply with the terms of his Deferred Plea Agreement – he repeatedly neglected to make progress on any of his conditions. *See generally* Order After Hr'g (Jan. 23, 2023). Notably, he was charged with committing a first-degree felony in CF0755-18. *See* 3rd Violation Report (Jan. 14, 2019). While the Defendant believes he was not given an opportunity to complete his probationary conditions in this case, the court has also not had an opportunity to address the Defendant in more than three (3) years since it issued the last bench warrant in this case.

The substantial requirement imposed as a condition in *this* case was the Defendant's completion of treatment. When imposing treatment as a probationary condition, the purpose of doing so is to achieve sustained sobriety for a defendant. However, sobriety becomes unattainable without the right support. The court gave the Defendant multiple opportunities before considering revocation, such as releasing him from confinement in order to comply with the conditions of his probation. Instead, the Defendant regularly failed to report to Probation for testing, tested positive when he was brought in on the court's warrant, and absconded from this court for three (3) years and six (6) months. *See* Revocation Hr'g Mins. at 2:27:07 – 07:32PM (May 29, 2025). More importantly, the court has yet to accept the Defendant's guilty plea and enter judgment against him. While the court is aware of the difficulties in dealing with addiction, the Defendant cannot expect to overcome his addiction if he will not put in the effort to attend and complete treatment programs provided to him; or at the very least check in with Probation.

Unless the court determines that revocation "will best satisfy the ends of justice and the best interests of the public" under all circumstances, the court shall not revoke probation for

violating a probationary condition. 9 GCA § 80.66(a)(2). This case was originally brought in 2016 and the Defendant entered into his Deferred Plea Agreement on June 29, 2018. Based on the Defendant's performance on probation over the past seven (7) years, the court is not confident that the Defendant will make progress with treatment if allotted another extension of probation. In Guam, DOC provides a Residential Substance Abuse Treatment ("RSAT") program for its inmates who are battling addiction. Rather than leave the Defendant to seek treatment on his own, the court believes that it is in the best interests of the public and will best satisfy the ends of justice to allow DOC's supervision and assistance of the Defendant on his path to recovery through the RSAT program.

Because the Defendant has inexcusably failed to comply with treatment as a substantial condition of his probation, the court finds that revocation of the Defendant's probation will best satisfy the ends of justice and the best interests of the public. Therefore, the court grants the People's Motion to Revoke the Defendant's Probation and Impose Jail Sentence.

\\

\\

\\

\\

\\

\\

\\

\\

\\

\\

## CONCLUSION

For the reasons stated above, the court hereby **GRANTS** the People's Motion to Revoke Defendant's Probation and Impose Jail Sentence. In consideration of this ruling, the court hereby **ENTERS** the Defendant's guilty plea as to the **First Charge of POSSESSION OF A SCHEDULE II CONTROLLED SBUSTANCE (As a 3rd Degree Felony).** The court shall issue a Judgment of Conviction concurrent with this Decision and Order.

No further proceeding is scheduled before this court.

**SO ORDERED** this _____AUG 1 5 2025_____.



**HONORABLE ALBERTO E. TOLENTINO**
Judge, Superior Court of Guam

**SERVICE VIA E-MAIL**
I acknowledge that an electronic copy of the original was e-mailed to:

_Ab, S. Teker_

Date: 8/15/25 Time: 3:53 p

Deputy Clerk, Superior Court of Guam